tion as a defense to his liability on his subscription.

3. Under 6373-2 GC. if a corporation solicits subscriptions for shares of stock it its own company without securing a certificate from the commissioners of securities, this non-compliance does not render the stock subscription agreement void, but only subjects the corporation to a statutory penalty.

4. 6833 GC., which provided that an action cannot be brought upon a stock subscription contract until 60 days after a time and place is designated by the directors for payment, held not applicable where the stock subscriptions contract contains the terms and conditions of payment.

Attorneys—Willet & Pennell, for Aten; L. M. Bowers, for Grain Company.

---

No. 756
WURLITZER CO. v. BLACK
Ohio Appeals, 1st Dist., Butler County
No. 214. Decided Nov. 26, 1923

225. CHARGE TO JURY—Where charge to jury is defective but complaining party is not injured thereby, no reversible error exists.

HAMILTON, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Published only in Ohio Law Abstract

Black brought an action against the Rudolph Wurlitzer Co. to recover damages for breach of an employment contract by discharging him during the term of his employment. The defense was a breach of contract by Black in failing and refusing to perform the labor and work required of him. The written agreement provided that Black was to give his services as piano repair man to the Wurlitzer Co. at their store in Hamilton, for a period of one year. The court submitted the question to the jury as to whether or not, under the terms of the agreement, it was the duty of Black to go to Middletown to do work for the company. The jury returned a verdict for Black, whereupon the defendant prosecuted error, claiming that it was the duty of the court to determine from the contract whether it was the duty of Black to go outside of the city. In affirming the judgment of the lower court, the Court of Appeals held:

In the charge was correct in permitting the jury to construe the contract, the Wurlitzer Co. was not injured by the submission of the question to the jury. Had the court construed the contract under its express terms, the court would necessarily have found that Black was not required to go to Middletown to perform the services.

Attorneys—Andrews, Andrews & Rogers, for Wurlitzer Co.; Clinton Egbert, for Black; all of Hamilton.

---

No. 757
BARTA v. BROWN et al
Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 17, 1924

118. AUTOMOBILES—Former owner of truck employed to haul and return certain goods is not liable for negligence of purchaser of truck hauling same, unless agency is clearly established.

ROBERTS, J.                Epitomized Opinion
Published Only in Ohio Law Abstract

Published only in Ohio Law Abstract

This was an action for damages brought by Brown against Barta. The plaintiff alleged that he had employed Barta to haul a quantity of apples to a cider mill and bring back the cider to his premises, that Barta permitted two of his agents, Mike Savko and Sonoky to drive the truck and that these men were incompetent drivers and that as a result thereof the truck was run into a ditch, Brown was injured and the barrels of cider destroyed.

Later Savko was also made a defendant. The evidence disclosed that Barta had originally owned the truck but had sold it to Savko. Sonoky was driving for Savko. Both Sonoky and Savko denied being in the employ of Barta. Brown claimed that he had employed Barta to do the hauling and the men in question were his agents. At the close of the evidence Brown elected to proceed against Barta.

A verdict was returned for Brown, whereupon Barta prosecuted error. In reversing the judgment, the Court of Appeals held:

As the evidence clearly showed that the truck did not belong to Barta and was not in his possession or control, and was not being driven by any of his agents, but was being driven by the owner at the time of the accident, the verdict of the jury in finding Barta liable under a rule of agency was manifestly against the weight of the evidence.

Attorneys—Jos. Friedman, R. J. Nicholson, for Barta; Anderson, Lamb & Osborne and Harrington, DeFord, Huxley & Smith, for Brown et al; all of Youngstown.

---

No. 758
CONINE v. STATE
Ohio Appeals, 3rd Dist., Putnam County
Decided Oct. 4, 1924

333. CRIMINAL LAW.

1. Refusal to give charge as to absence of motive of accused in larceny hold not prejudicial.

2. Testimony of accessory after the fact need not be corroborated..

HUGHES, J.                Epitomized Opinion
Published Only in Ohio Law Abstract

Conine was convicted of grand larceny of clover seed. The evidence disclosed that the